UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

JEROME BRADNEY CREEL,              )
                                   )
    Petitioner,                    )
                                   )
v.                                 )   Case No.  6:23-cv-00325-ACA-JHE
                                   )
SHERIFF NICK SMITH, et al.,        )
                                   )
    Respondents.                   )

**REPORT AND RECOMMENDATION**

Petitioner Jerome Bradney Creel filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the petition is before the undersigned magistrate judge for a preliminary report and recommendation.  *See McCarthy v. Bronson*, 500 U.S. 136 (1991).  As explained below, the undersigned recommends the court dismiss this action pursuant to Federal Rule of Civil Procedure Rule 41(b) based on Creel's failure to prosecute his claims.

**I. Analysis**

When Creel initiated this action, he was incarcerated at the Walker County Jail.  (Doc. 1 at 1).  On March 17, 2023, the undersigned ordered Creel to notify the court within 21 days whether he wished to continue with this action pursuant to 28 U.S.C. § 2241, or whether he wished to file a complaint pursuant to 42 U.S.C. § 1983.  (Doc. 3).  The order, mailed to Creel at the Walker County Jail, was returned by the U.S. Postal Service as undeliverable.[1]  (Doc. 4). Because Creel has failed to notify the Clerk of Court of a change to his address, the Clerk is

---

[1] Court staff contacted the Walker County Jail and was informed that Creel was released from custody on March 14, 2023.  Additionally, Creel does not appear on the Alabama Department of Corrections website as a current inmate.

unable to serve him with case-related papers. Accordingly, the undersigned recommends the court dismiss this action without prejudice based on Creel's failure to prosecute his claims. FED. R. CIV. P. 41(b).

## II. Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** the court **DISMISS** this action **WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) based on Creel's failure to prosecute his claims.

## III. Notice of Right to Object

The petitioner may file specific written objections to this report and recommendation. The petitioner must file any objections with the Clerk of Court within 14 calendar days from the date the report and recommendation is entered. Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objecting. Objections also should specifically identify all claims contained in the petition that the report and recommendation fails to address. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

Failing to object to factual and legal conclusions contained in the magistrate judge's findings or recommendations waives the right to challenge on appeal those same conclusions adopted in the district court's order. In the absence of a proper objection, however, the court may review on appeal for plain error the unobjected to factual and legal conclusions if necessary in the interests of justice. 11th Cir. R. 3-1.

On receipt of objections, a United States District Judge will review *de novo* those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the undersigned's findings of fact and recommendations.

The district judge also may refer this action back to the undersigned with instructions for further proceedings.

The petitioner may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The petitioner may only appeal from a final judgment entered by a district judge.

DONE this 17th day of April, 2023.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE